# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| ADAM AARONSON, | ) |
| Plaintiff, | ) **Case No.:** 1:18-cv-1533 |
| v. | ) |
| CHW GROUP, INC., D/B/A CHOICE HOME WARRANTY, | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, ADAM AARONSON ("Plaintiff"), by and through his attorneys, for his First Amended Complaint, alleges the following against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY ("Defendant"):

## INTRODUCTION

1. Plaintiff's First Amended Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller,* 845 F.3d 303, 305-306 (7th Cir. 2017).

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

6. This court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

8. Plaintiff is a natural person residing in the City of Arlington, Arlington County, Commonwealth of Virginia.

9. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a New Jersey business corporation based in the Township of Edison, Middlesex County, State of New Jersey.

12. As a business corporation, Defendant is a legal/juristic person—that is to say, it has not a physical body to take physical actions.

13. A corporation can act only through its agents and employees.  *Protectus Alpha Nav. Co., Ltd. v. North Pacific Grain Growers, Inc.*, 767 F.2d 1379, 1386 (9th Cir. 1985).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Within four (4) years of Plaintiff filing this Complaint, in or around September 2018, Defendant began calling Plaintiff's cellular telephone at 703-725-9999, which included or introduced an advertisement or constituted telemarketing.

16. Within four (4) years of Plaintiff filing this Complaint, in or around September 2018, Defendant called Plaintiff's cellular telephone from several telephone numbers, including 732-339-3215, which is one of the Defendant's many telephone numbers.

17. When Plaintiff first contacted Plaintiff's counsel in October 2018, Plaintiff's counsel conducted an investigation and confirmed that 732-339-3215 is one of Defendant's telephone numbers.

18. In addition to Plaintiff's counsel confirming that 732-339-3215 is one of Defendant's telephone numbers, others have confirmed this fact as well.

19. In or around September through November 2018, Plaintiff answered several calls placed by Defendant to Plaintiff.

20. The following are just a sampling of comments posted on 800notes.com with regard to the phone number 732-339-3215:[1]

    a. "They  keep calling me six and seven times almost every day and  when they

---

[1] https://800notes.com/Phone.aspx/1-732-339-3215 (last accessed April 25, 2019).

answer the phone all they say is  Choice  Home warranty."

b.   "Choice Home Warranty."

c.   "This number is not a church or religious group, it is Choice Home Warranty trying to spam you into buying a home warranty from them."

d.   "This number calls 6-10 times per day, will not leave a voicemail and there is no human on the line. It is Choice Home Warranty trying to sell me a home warranty. I have told them via email and on over the phone that I am not interested and to please leave me alone but they will not stop calling. Every time I block their number I just get more calls from a slightly different extension that isn't blocked. If this calls you please report them to the FCC and make sure action is taken to stop this type of phone harassment."

e.   "I keep receiving calls from this number (from New Jersey).  I have told them several times to REMOVE my number from their call list but they keep calling. When I block the number, I get calls from other similar numbers (like 732-339-3488), but still the same thing, Choice Home Warranty."

f.   "This number called me several times a day as well as emails. It is Choice Warranty. AVOID these idiots. I called them back and told them to never call me again..EVER!"

g.   "Home Choice warranty. Called, I answered, all o got was silence. Called and asked to be taken off call list. Once they get your number, they don't stop."

21. With regard to the above-referenced calls that Plaintiff received from Defendant:

a.   During the first call Plaintiff answered from Defendant, Defendant's representative claimed that Plaintiff had submitted a request for a quote online

from Defendant.  Plaintiff responded that he did not.

b.   During the second call Plaintiff answered from Defendant, Defendant's representative claimed that Plaintiff had submitted a request for a quote online from Defendant.  Plaintiff again told Defendant that he did not request a quote from Defendant and told Defendant's representative to remove Plaintiff from Defendant's call list.

c.   During the third call from Defendant, Plaintiff answered and then hung up once he realized it was the Defendant calling him.

22. Thereafter, Plaintiff received at least a fourth and fifth call from Defendant—which Plaintiff did not answer because he recognized from the phone number calling him that it was the Defendant—before the calls from Defendant ceased.

23. When Plaintiff did answer the 3 calls from Defendant, he was greeted with "dead air" whereby no person was on the other end of the line and/or a pre-recorded or artificial voice before a live person took over the call and began to speak to Plaintiff attempting to solicit the sale of a home warranty from Defendant.

24. Plaintiff has never visited Defendant's website.

25. Plaintiff has never given Defendant his cellular telephone number of 703-725-9999.

26. A TCPA "[c]omplaint need not allege the exact dates and times of the calls in order to notify [defendant] of its purported violations of the TCPA." *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 733 (D.S.C. 2015).

27. "[N]otice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every [call]." *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010).

28. Defendant has admitted calling Plaintiff in its Fed. R. Civ. P. 26(a)(1)(A) initial disclosures by acknowledging that Defendant has "[d]ocuments concerning Plaintiff's interactions with CHW via telephone and internet."   (A true-and-correct copy of Defendant's Fed. R. Civ. P. 26(a)(1)(A) Initial Disclosures are attached hereto as Exhibit A).

29. Defendant has admitted calling Plaintiff in its Fed. R. Civ. P. 26(a)(1)(A) initial disclosures by acknowledging that Defendant has "[d]ocuments concerning CHW's means of calling of Plaintiff."  (Exhibit A).

30. Defendant has admitted calling Plaintiff in its Defendant's Responses to Plaintiff's First Set of Requests for Production.  (A true-and-correct copy of its Defendant's Responses to Plaintiff's First Set of Requests for Production are attached hereto as Exhibit B).

31. Examples of which are as follows:

   a. **REQUEST NO. 21:**

   Produce any and all documents, data, and recordings including, but not limited to, logs, notes, recordings, and computer printouts that reflect all of Defendant's communications and contacts with, and attempts to communicate or contact, Plaintiff.

   **RESPONSE TO REQUEST NO. 21:**

   [objections omitted]

   **ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents applicable to Plaintiff, that are responsive to this Request, and that are in Defendant's possession, custody, or control located after a reasonably diligent search, if any, upon entry of a suitable protective order.

   b. **REQUEST NO. 23:**

   Produce any and all recordings, copies, transcriptions, or productions, in any medium, of communications or conversations, or attempted communications or

6

conversations, between Defendant and Plaintiff.

[objections omitted]

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents applicable to Plaintiff, that are responsive to this Request, and that are in Defendant's possession, custody, or control located after a reasonably diligent search, if any, upon entry of a suitable protective order.

32. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

33. None of the calls Defendant made to Plaintiff were for an emergency purpose.

34. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

35. Plaintiff has never given to Defendant prior express written consent to contact Plaintiff on his cellular telephone as described herein.

36. Defendant has never obtained prior express written consent from Plaintiff to contact Plaintiff on his cellular telephone as described herein.

37. Even if Plaintiff provided Defendant with his cellular telephone number, Defendant failed to provide Plaintiff with clear and conspicuous disclosure that Defendant would contact Plaintiff with an automatic telephone dialing system ("ATDS") and/or using a pre-recorded or artificial voice.

38. Within four (4) years of Plaintiff filing this Complaint, Defendant used an ATDS to call Plaintiff's cellular telephone.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers automatically.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

42. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

43. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

44. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

45. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients.

46. Defendant placed the calls to Plaintiff alleged herein using a telephone dialing system manufactured by Avaya, Inc.

47. Telephone dialing systems manufactured by Avaya, Inc. have the capacity to make predictive calls.

48. Defendant's telephone dialer system has the capacity to make predictive calls.

49. Even if Defendant's telephone dialer system does not use a random or sequential number generator, its telephone dialer system is still an ATDS as defined by the TCPA. *Heard v. Nationstar Mortg. LLC*, No. 2:16-CV-00694-MHH, 2018 WL 4028116, at *6 (N.D. Ala. Aug. 23, 2018) (TCPA case involving phone system manufactured by Avaya, Inc.).

50. The dead air that the Plaintiff experienced, as described above, on the calls from Defendant that he answered is indicative of the use of an ATDS. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the

algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated.  Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.  The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them.  Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's telephones would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

51. In placing the calls that form the basis of this Complaint, Defendant, or any affiliated entities, utilized an ATDS in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).[2]

---

[2] It is incontrovertible that Defendant uses an ATDS as it includes a TCPA disclaimer right on its website. https://www.choicehomewarranty.com/get-a-quote/start.php ("By entering my information and submitting for a free quote, I am providing express consent to be contacted via email, phone and text, including my wireless phone number, regarding product and servicing information using automated technology, even if it is registered on a federal, state, or corporate do not call list. I am not required to provide this consent in order to obtain goods or services from Choice Home Warranty. If my area is not covered, I may be referred to alternate trusted provider") (last accessed April 17, 2019).

52. Several courts have recognized that a plaintiff plausibly alleges a call originated from an ATDS when it has characteristics of an automated call.  *See e.g., Asher v. Quicken Loans, Inc.*, No. 2:17-cv-1203, 2019 WL 131854, at *3 (D. Utah Jan. 8, 2019) (finding calls "bore indicia of an automated dialer" when the plaintiff alleged that he experienced "a delay before [he] is able to speak to anyone"); *Sessions v. Barclays Bank Del.*, 317 F. Supp. 3d 1208, 1213 (N.D. Ga. 2018) (finding a plaintiff plausibly alleged a call originated from an ATDS when she stated she experienced five or more seconds of "dead air" before a person would respond on the phone); *Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06324, 2011 WL 881550, at *3 (N.D. Ill Mar. 11, 2011) (denying a motion to dismiss when the plaintiff alleged "there was a prerecorded voice that answered and told her to hold for assistance" after she answered the phone).[3]

53. "[C]ourts have noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery and found that courts can rely on details about the call to infer the use of an ATDS."  *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 734 (D.S.C. 2015) (internal quotations and citations omitted).

54. "[A] TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was prerecorded or delivered via an ATDS.  *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1002 (N.D. Ill. 2014) (quoting *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

---

[3] Cases collected in *Rallo v. Palmer Admin. Servs., Inc.*, No. 18-CV-01510-RM-MEH, 2019 WL 1468411, at *3 (D. Colo. Apr. 3, 2019).

55. "The issue is whether the allegations of the complaint, taken as a whole and including the nature of the communication, give rise to a plausible belief that the [call] was [made] using an ATDS." *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG NLS, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (internal citation omitted).

56. "While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage. It is possible that further litigation will determine that no ATDS was used, but the complaint has pleaded enough facts "to raise a right to relief above the speculative level." *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

57. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express written consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;
   b. Electronically intruding upon Plaintiff's seclusion;
   c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

58. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

11

WHEREFORE, Plaintiff, ADAM AARONSON, respectfully requests judgment be entered against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY for the following:

59. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

62. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

| /s/ Richard W. Ferris | /s/ Michael S. Agruss | /s/ James J. Parr |
|---|---|---|
| Richard W. Ferris | Michael S. Agruss | James J. Parr |
| VA Bar No: 31812 | IL Bar No: 6281600 | IL Bar No: 6317921 |
| Ferris Winder, PLLC | Agruss Law Firm, LLC | Agruss Law Firm, LLC |
| 9327 Midlothian TPKE | 4809 N. Ravenswood Ave. | 4809 N. Ravenswood Ave. |
| Suite 1B | Suite 419 | Suite 419 |
| Richmond, VA 23235 | Chicago, IL 60640 | Chicago, IL 60640 |
| Tel: 804-767-6848 | Tel: 312-224-4695 | Tel: 312-224-4695 |
| Fax: 888-251-6228 | Fax: 312-253-4451 | Fax: 312-253-4451 |
| rwferris@ferriswinder.com | michael@agrusslawfirm.com | james@agrusslawfirm.com |
| Attorney for Plaintiff | Attorney for Plaintiff, | Attorney for Plaintiff, |
| | *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| **ADAM AARONSON,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No.: 1:18-cv-1533** |
| | ) | |
| **CHW GROUP, INC., d/b/a CHOICE** | ) | |
| **HOME WARRANTY,,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## DEFENDANT'S FED. R. CIV. P. 26(a)(1)(A) INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Defendant CHW Group, Inc. d/b/a Choice Home

Warranty ("CHW" or "Defendant"), by and through its undersigned counsel, hereby propounds

the following initial disclosures ("Disclosures"):

### RESERVATION OF RIGHTS

CHW has not yet completed its investigation and analysis of the facts relating to the

above-captioned litigation.  As such, CHW's ongoing discovery, analysis and investigation may

disclosure the existence of additional facts, add meaning to known facts, support entirely new

legal or factual contentions, and may lead to additions or modifications to these Disclosures.

CHW therefore reserves the right: (i) to amend, revise, correct, add to, supplement, modify or

clarify the Disclosures set forth below or the information divulged therein or thereby; and (ii) to

make use of or introduce in any hearing or at trial information, data, documents, or testimony not

known to exist at the time of these Disclosures, including but not limited to information obtained

in the court of discovery as may be required under the Federal Rules of Civil procedures.

With respect to witnesses or individuals who likely may have discoverable information

1

that are identified in these Disclosures, CHW reserves its right to: (i) supplement, revise, correct, or amend its list of witnesses as discovery proceeds in this matter; (ii) call as witnesses at any hearing or trial of this action any person or representative of any entity who is or has been identified by any other party to this action as a person having knowledge of the facts and circumstances relating to this action; (iii) designate and call as witnesses any experts who are hereinafter designated and have formed opinions with regard to the facts and matters at issue in this litigation; and (iv) designate and call as witnesses such persons or representatives of entities during the course of discovery, at any hearing, or before trial as having knowledge of relevant facts, and to call rebuttal and impeachment witnesses as may be necessary.

## DISCLOSURES

### I.      List of Persons with Knowledge

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), CHW hereby discloses "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [CHW] may use to support its claims or defenses" in this matter:

*1.   Plaintiff Adam Aaronson ("Plaintiff")*

Plaintiff, and possibly Plaintiff's spouse or domestic partner or other family members or members of Plaintiff's household, is/are likely to have knowledge regarding the facts and circumstances of this litigation on all subjects relating to his allegations as to CHW, as well as CHW's defenses thereto.  Plaintiff may be contacted through his counsel of record in this matter.

*2.   Brian Tretter*

Mr. Tretter is a CHW employee familiar with CHW's business, policies, and procedures and is knowledgeable regarding the facts and circumstances relating to Plaintiff's allegations

against CHW as well as CHW's defenses thereto.   Mr. Tretter can be contacted through Defendant's counsel of record in this matter.

In addition, individuals likely to have discoverable information that Defendant may use to support its defenses include but will not be limited to the following:

- Other current and former employees of Defendant with knowledge of facts relating to allegations in Plaintiff's Complaint and to the extent that they have information relevant to claims or defenses in this action, which will be determined as discovery continues;

- All witnesses identified by Plaintiff in this matter at his deposition, on his witness list, in his responses to any interrogatories and requests for production of documents, and in his initial disclosures under Fed. R. Civ. P. 26(a);

- All witnesses identified in any other deposition taken in this matter;

- Third parties with knowledge relevant to the parties claims or defenses (*e.g.*, Plaintiff's home phone, cellular phone and internet service provider(s), and anyone else who may have or has access to Plaintiff's phones or computers);

- All witnesses necessary for foundation purposes in the entry of exhibits;

- All experts needed to respond to experts named by Plaintiff; and

- Any necessary rebuttal witnesses.

By disclosing the foregoing individuals, CHW does not waive any objections as to their testimony and reserves the right not to rely on their testimony or call them at trial.

## II.     List of Documents

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), CHW hereby provides "a description by category and location […] of all documents, electronically stored information, and tangible things that [CHW] has in its possession, custody, or control and may use to support its claims or defenses" in this matter:

1. Documents concerning Plaintiff's interactions with CHW via telephone and internet;

2. Documents concerning CHW's means of calling of Plaintiff;

3. Copies of CHW's relevant policies and procedures;

3

4. Any other relevant documentation related to Plaintiff's communications and interactions with Defendant;

5. Plaintiff's home and cellular phones and other computing devices;

6. Documents marked as exhibits during depositions taken in this matter; and

7. Documents produced in discovery by any party to this action or by any third parties.

CHW reserves its rights to (i) supplement this list of documents as discovery proceeds in this matter; (ii) rely on any documents disclosed by any other party to this action; and (iii) designate rebuttal documents in the course of discovery, at any hearing, or at trial. Because the foregoing documents contain sensitive business, proprietary, and/or personally identifying information, CHW will produce them only after entry of an appropriate protective order. CHW does not waive any applicable privilege with respect to the foregoing documents, nor does CHW concede the relevancy, authenticity or admissibility of any documents at this time or that such documents are in CHW's possession, custody or control.

## III.    Computation of Damages

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), CHW hereby discloses "a computation of each category of damages claimed" by CHW.

CHW does not presently claim any damages except attorneys' fees and costs if appropriate and permitted by applicable rule or law. CHW reserves the right to supplement this response should it claim damages at a later date.

## IV.    Insurance Agreement

Fed. R. Civ. P. 26(a)(1)(A)(iv) requires CHW to provide "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

4

At this time, CHW is unaware of the existence of any such insurance agreement. Investigation continues.

Dated: March 20, 2019                    Respectfully submitted,

By: ___/s/ Kyle R. Elliott_____
    Kyle R. Elliott (VSB No. 82077)
    OGLETREE, DEAKINS, NASH,
    SMOAK AND STEWART, P.C.
    901 East Byrd Street, Suite 1300
    Richmond, VA 23219
    Telephone: 804-663-2333
    Facsimile: 804-225-8641
    kyle.elliott@ogletree.com

By: ___/s/ A. Paul Heeringa_____
    A. Paul Heeringa (Admitted *Pro Hac Vice*)
    MANATT, PHELPS & PHILLIPS, LLP
    151 North Franklin Street, Suite 2600
    Chicago, IL 60606
    Telephone: 312-529-6308
    Facsimile: 312-529 6315
    pheeringa@manatt.com

    *Attorneys for CHW Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 20th day of March, 2019, a true and correct copy of the foregoing

document was served via email, pursuant to the agreement of the parties, to counsel of record for

Plaintiff identified below:

Richard W. Ferris (VSB #31812)
Ferris Winder, PLLC
530 E. Main St., suite 300
Richmond, VA 23219
rwferris@ferriswinder.com

Michael Agruss, Esq. (Admitted *Pro Hac Vice*)
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
michael@agrusslawfirm.com

By:    /s/ Kyle R. Elliott
      Kyle R. Elliott (VSB No. 82077)
      OGLETREE, DEAKINS, NASH,
      SMOAK AND STEWART, P.C.
      901 East Byrd Street, Suite 1300
      Richmond, VA 23219
      Telephone: 804-663-2333
      Facsimile: 804-225-8641
      kyle.elliott@ogletree.com

By:    /s/ A. Paul Heeringa
      A. Paul Heeringa (Admitted *Pro Hac Vice*)
      MANATT, PHELPS & PHILLIPS, LLP
      151 North Franklin Street, Suite 2600
      Chicago, IL 60606
      Telephone: 312-529-6308
      Facsimile: 312-529 6315
      pheeringa@manatt.com

323072724.1

6

# **EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| ADAM AARONSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No.:** 1:18-cv-1533 |
| | ) | |
| CHW GROUP, INC., D/B/A CHOICE | ) | |
| HOME WARRANTY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant CHW Group,

Inc., d/b/a Choice Home Warranty ("Defendant" or "CHW"), by counsel, hereby states as

follows its objections and responses ("Responses") to Plaintiff Adam Aaronson's ("Plaintiff")

First Set of Requests for Production of Documents ("Requests") in the above-captioned matter.

## PRELIMINARY STATEMENTS

Defendant's Responses to Plaintiff's Requests are made to the best of its present

knowledge, information and belief.  Defendant has not completed its investigation of the facts

relating to this case, have not completed discovery in this action, and have not completed

preparation for trial.  Defendant's Responses are at all times subject to such additional or

different information that discovery or further investigation may disclose and, while based on the

present state of its knowledge, is subject to such refreshing of recollection and such additional

knowledge of facts as may result from Defendant's further discovery or investigation.

Defendant reserves the right to make any use of, or to introduce at any hearing and at

trial, documents and things responsive to the Requests but discovered subsequent to the date of

its initial production, including, but not limited to, any documents and things obtained in

1

discovery herein.

Any information supplied and documents and things produced are based only on such information and documents as are reasonably available and specifically known to Defendant and its attorneys as of the date of service of these Responses.

Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action, of any document or thing produced in response to the Requests.

Defendant reserves the right to object on any ground at any time to such other or supplemental Request or Requests for production as Plaintiff may at any time propound involving or relating to the subject matter of the Request.

Any indication by Defendant that it will produce documents in Response to any individual Request shall not be construed as an admission that documents responsive to the Request actually exist or that Defendant has documents responsive to the Request in its possession, custody or control.  Furthermore, any indication by Defendant that it will produce documents in response to a Request shall not be construed as an admission of any fact stated in, or assumed by, the Request.

To the extent the Requests call for confidential, proprietary, trade secret, or privately identifying personal or financial information of any person or entity, Defendant expressly asserts and preserves all objections based on the privacy interests of such persons or entities as existing under applicable law and reserve the right to require satisfaction of all prerequisite steps required by applicable law before production of such documents or information, including but not limited to entry of a suitable protective order.

To the extent Defendant indicates that it will produce documents in response to any Request and said responsive documents include electronically stored information ("ESI"), Defendant will collect ESI in accordance with the parties' agreed-upon ESI Search Protocol (including search terms, time period, and custodians), and will produce non-privileged

documents responsive to the Request, if any, contained within that ESI collection.

To the extent any Response or answer below refers to the "Complaint," the term should be understood as referring to Plaintiff's Complaint in the above-captioned litigation, including any amendments and exhibits thereto.  To the extent any Response or answer below refers to the "litigation," that term should be understood as referring to the above-captioned litigation.

Inadvertent disclosure of privileged documents or confidential information is not intended to be, and may not be construed as, a waiver of any applicable privilege, confidentiality, or other reason for non-production.  Defendant will not log communications between itself and litigation counsel, including communications with other defense counsel, arising out of the litigation.

Subject to all objections, privileges and other exceptions stated herein, Defendant shall produce at a mutually agreed place copies of the documents and things called for in the Requests as set forth below upon entry of a mutually acceptable protective order.

Defendant invites Plaintiff to engage in a good faith meet and confer to discuss these discovery Requests and Defendant's objections thereto in the hope that, through discussion, disagreements may be resolved and reasonable agreements may be reached regarding the Requests and the objections and responses thereto.

## GENERAL OBJECTIONS TO THE DOCUMENT REQUESTS

The following objections ("General Objections") are applicable to, and shall be deemed to be incorporated in, each separately numbered Response to Plaintiff's First Set of Requests for Production of Documents.

1.      Defendant objects to the "Definitions" section of the Requests, and all terminology and phraseology contained therein or as used in the Requests (whether defined or undefined), to the extent such terms and phrases have legal connotations requiring legal interpretations, are vague and ambiguous, or are otherwise unintelligible.

3

2.      Defendant objects to the "Instructions" section of the Requests, and all terminology and phraseology contained therein or as used in the Requests (whether defined or undefined), to the extent such terms and phrases impose obligations on Defendant beyond what is required by applicable law, rules, or Court orders.

3.      Defendant objects to each and every Request as overbroad and not proportional to the needs of the case.

4.      Defendant objects to each and every Request to the extent that the Request purports, through the "Definitions" or "Instructions" sections of the Requests or otherwise, to impose burdens or duties on Defendant that exceed the scope of reasonable and permissible discovery or that exceed the requirements of the Federal Rules of Civil Procedure or that are otherwise inconsistent with the Local Civil Rules of this District.  In the following Responses, all definitions and other instructions provided by Plaintiff shall be treated as having no force or effect to the extent that they exceed those duties.

5.      Defendant objects to each and every Request to the extent that the Request seeks confidential or proprietary information of Defendant, including trade secrets.

6.      Defendant objects to each and every Request to the extent that the Request seeks the confidential or proprietary information of others.  To the extent that Defendant is not prohibited from doing so by an agreement or otherwise, Defendant will produce confidential or proprietary information of others only after the other party or parties has or have consented to Defendant's disclosure of its confidential information or Defendant is otherwise legally required to produce such information.

7.      Defendant objects to each and every Request to the extent that the Request seeks any information or documents that come within the scope of the attorney-client privilege or work-product immunity, or which are otherwise privileged against or protected from discovery. The inadvertent disclosure or identification of any such information or documents is not intended

and will not constitute a waiver of such privilege or immunity, nor an agreement to produce such privileged or immune information or documents.

8.  Defendant objects to each and every Request to the extent that the Request is overly broad, unduly burdensome, oppressive, unreasonably cumulative, duplicative, or abusive.

9.  Defendant objects to each and every Request to the extent that the Request calls for documents within the possession, custody or control of Plaintiff or any third parties, or that are in the public domain or are otherwise equally available to Plaintiff.

10.  Defendant objects to each and every Request to the extent that the Request is vague, ambiguous, unintelligible, compound, or complex.  To the extent Defendant responds to any such Request, it does so only to the extent it reasonably understands the scope and type of information being sought.

11.  Defendant objects to each and every Request to the extent that the Request is unlimited as to time and, thus, calls for the production of documents not reasonably calculated to lead to the discovery of admissible evidence or is overly broad, burdensome and oppressive.

12.  Defendant objects to each and every Request to the extent that the Request seeks documents that are not relevant to the subject matter of this litigation or that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

13.  Defendant objects to each and every Request as overbroad and unduly burdensome to the extent they seek documents or information that (i) is not within Defendant's possession, custody or control, (ii) is in the possession, custody or control of a person or entity other than Defendant, (iii) is or would be more easily obtained from sources other than Defendant, (iv) is already in Plaintiff's possession, and/or (v) is available in the public domain.

14.  Defendant objects to each and every Request to the extent they (i) contain or ask Defendant to admit to legal conclusions, (ii) include assumptions of facts not in evidence, and/or (iii) include incorrect characterizations of fact and, as such, are not reasonably calculated to lead to the discovery of admissible evidence.  To the extent Defendant responds to any of the

5

Requests, said Responses should not be construed as indicating agreement with or an admission to any such conclusions, assumptions, or characterizations.

## SPECIFIC OBJECTIONS  AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

For its Specific Objections and Responses to Plaintiff's Requests, Defendant states:

**REQUEST NO. 1:**

Produce any and all documents identified in Defendant's Answer and responses to Plaintiff's discovery requests.

**RESPONSE TO REQUEST NO. 1:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets.  Defendant also objects to this Request on the grounds that the phrase "Defendant's

Answer and responses to Plaintiff's discovery requests" is vague, ambiguous, and otherwise unintelligible, and Defendant is unsure of the scope and nature of the information being sought thereby.

**ANSWER:** Defendant stands on its objections.

**REQUEST NO. 2:**

Produce any and all documents referred to, or consulted, in the preparation of Defendant's Answer and responses to Plaintiff's discovery requests.

**RESPONSE TO REQUEST NO. 2:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the phrase "referred to, or consulted" is vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy,

7

and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets.  Defendant also objects to this Request on the grounds that the phrase "Defendant's Answer and responses to Plaintiff's discovery requests" is vague, ambiguous, and otherwise unintelligible, and Defendant is unsure of the scope and nature of the information being sought thereby.

**ANSWER:** Defendant stands on its objections.


**REQUEST NO. 3:**

Produce any and all documents that support Defendant's Affirmative Defenses pleaded in its Answer.

**RESPONSE TO REQUEST NO. 3:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the term "support" is vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy; and (iv) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Defendant stands on its objections.


**REQUEST NO. 4:**

Produce any and all documents regarding Defendant's polices and/or procedures for complying with the Telephone Consumer Protection Act.

**RESPONSE TO REQUEST NO. 4:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms "policies" and "procedures" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the term "complying" has legal connotations and requires a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy.

**ANSWER:** Defendant stands on its objections.

**REQUEST NO. 5:**

Produce any and all documents relating to any system, scheme, technique, practice, procedure or method that Defendant maintains, operates, or employs to record, memorialize, or otherwise document telephone calls made to its customers, past customers, or prospective customers.

**RESPONSE TO REQUEST NO. 5:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms "system," "scheme," "technique," "practice," "procedure," "customers," and "method" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states

10

that it will produce non-privileged documents applicable to Plaintiff, that are responsive to this Request, and that are in Defendant's possession, custody, or control located after a reasonably diligent search, if any, upon entry of a suitable protective order.

**REQUEST NO. 6:**

Produce any and all documents relating to any training that Defendant provides to its employees involved in making telephone calls to its customers, past customers, or prospective customers.

**RESPONSE TO REQUEST NO. 6:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms "customers" and "training" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; and (iv) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states

that it will produce non-privileged documents applicable to Plaintiff, that are responsive to this Request, and that are in Defendant's possession, custody, or control located after a reasonably diligent search, if any, upon entry of a suitable protective order.

**REQUEST NO. 7:**

Produce any and all documents relating to any instructions that Defendant provides to its employees involved in making telephone calls to its customers, past customers, or prospective customers, with respect to how to document an oral or written request to cease contacting a customer, past customer, or prospective customer by telephone.

**RESPONSE TO REQUEST NO. 7:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "customers," "instructions," "how to document," and "cease contacting" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy; and (iv) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

12

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents applicable to Plaintiff, that are responsive to this Request, and that are in Defendant's possession, custody, or control located after a reasonably diligent search, if any, upon entry of a suitable protective order.

**REQUEST NO. 8:**

Produce any and all documents relating to any instructions that Defendant provides to its employees involved in making telephone calls to its customers, past customers, or prospective customers, with respect to how to document an individual's consent to contact him or her through the use of an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice.

**RESPONSE TO REQUEST NO. 8:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "customer," "how to document," "instructions," "individual's consent," and "contact" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "consent," "automatic telephonic dialing system," "artificial or prerecorded voice" and "predictive dialer" have legal connotations and require a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable

13

privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "automatic telephone dialing system" (more commonly known as "ATDS" or "autodialer"), a "predictive dialer," and/or an "artificial or prerecorded voice" within the meaning of the TCPA to make any calls and, therefore, has no documents responsive to this Request.

**REQUEST NO. 9:**

Produce any and all documents related to how Defendant obtained Plaintiff's cellular telephone number, (703) 725-9999.

**RESPONSE TO REQUEST NO. 9:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the term "obtained" is vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available

in the public domain and, thus, is overly broad and unduly burdensome; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it obtains the contact information for and consent to call potential customers from various websites, some of which are listed in Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories, served contemporaneously herewith. Said potential customers input their contact information and provide consent through those websites. CHW does not purchase outside lead lists.


**REQUEST NO. 10:**

Produce any and all documents detailing how Defendant obtained Plaintiff's cellular telephone number, (703) 725-9999.

**RESPONSE TO REQUEST NO. 10:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms "detailing" and "obtained" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in

temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; and (v) as worded, it is duplicative of part or all of the Requests stated above (in particular, Request No. 9) and, thus, is unduly burdensome.

     **ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it obtains the contact information for and consent to call potential customers from various websites, some of which are listed in Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories, served contemporaneously herewith.  Said potential customers input their contact information and provide consent through those websites.  CHW does not purchase outside lead lists.


**REQUEST NO. 11:**

     Produce the telephone manual of telephone system Defendant used to call Plaintiff's telephone number, (703) 725-9999.

**RESPONSE TO REQUEST NO. 11:**

     **OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this

Request on the grounds that: (i) the terms and phrases "telephone manual" and "telephone system" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Defendant stands on its objections.


**REQUEST NO. 12:**

Produce any and all documents relating to or regarding, and including, any and all reports for Plaintiff's cellular telephone number, (703) 725-9999, in electronically searchable, comma delimited (CSV) format with both delimiters and qualifiers, generated by any autodialer campaign in which you engaged within four (4) years of Plaintiff filing the Complaint.

17

**RESPONSE TO REQUEST NO. 12:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "reports," "autodialer campaign," and "engaged" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the term "autodialer" has legal connotations and requires a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome. Defendant further objects to this Request to the extent it seeks to impose burdens on Defendant beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, applicable Court orders, and/or applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "automatic telephone dialing system" (more commonly known as "ATDS"

or "autodialer") within the meaning of the TCPA to make any calls or engage in any "autodialer" campaigns" and, therefore, has no documents responsive to this Request.

**REQUEST NO. 13:**

Produce any and all documents relating to or regarding, and including, any and all reports for Plaintiff's cellular telephone number, (703) 725-9999, in electronically searchable, comma delimited (CSV) format with both delimiters and qualifiers, generated by any predictive dialer regardless of the method the number was dialed in which you engaged within four (4) years of Plaintiff filing the Complaint.

**RESPONSE TO REQUEST NO. 13:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "predictive dialer," "reports," "method," and "engaged" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the phrase "predictive dialer" has legal connotations and requires a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets;

19

(v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.  Defendant further objects to this Request to the extent it seeks to impose burdens on Defendant beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, Court orders, and/or applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "predictive dialer" within the meaning of the TCPA to make any calls and, therefore, has no documents responsive to this Request.

**REQUEST NO. 14:**

Produce any and all documents relating to or regarding, and including, any and all reports for Plaintiff's cellular telephone number, (703) 725-9999, for any autodialer campaign which you or any of your employees, agents or independent contractors, or other persons or entities working on your behalf, were engaged in within four (4) years of Plaintiff filing the Complaint.

**RESPONSE TO REQUEST NO. 14:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "autodialer campaign," "reports" and "engaged" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "employees, agents or independent contractors, or other persons or entities working on your behalf" and "autodialer" have legal connotations and require a legal interpretation; (iii) it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "automatic telephone dialing system" (more commonly known as "ATDS" or "autodialer") within the meaning of the TCPA to make any calls or engage in any "autodialer campaigns" and, therefore, has no documents responsive to this Request.

**REQUEST NO. 15:**

Produce any and all documents relating to or regarding, and including, any and all reports for Plaintiff's cellular telephone number, (703) 725-9999, placed through any predictive dialer, regardless of the method dialed, which you or any of your employees, agents or independent contractors, or other persons or entities working on your behalf, were engaged in within four (4)

21

years of Plaintiff filing the Complaint.

**RESPONSE TO REQUEST NO. 15:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "predictive dialer," "method" and "engaged" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "employees, agents or independent contractors, or other persons or entities working on your behalf" and "predictive dialer" have legal connotations and require a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "predictive dialer" within the meaning of the TCPA to make any calls and,

22

therefore, has no documents responsive to this Request.

**REQUEST NO. 16:**

Produce any and all documents, in a Comma Separated Value (CSV) file with both delimiters and qualifiers, relating to or regarding, and including, all reports of autodialer or predictive dialer calls, regardless of the method used in dialing, made by you or any of your employees, agents or independent contractors, or other persons or entities working on your behalf, to Plaintiff's pagers, landline telephones, cellular telephones, mobile telephones or wireless devices within four (4) years of Plaintiff filing the Complaint.

**RESPONSE TO REQUEST NO. 16:**

**OBJECTIONS:**  Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "method," "reports," and "wireless devices" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "employees, agents or independent contractors, or other persons or entities working on your behalf," "autodialer," and "predictive dialer" have legal connotations and require a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy,

23

and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.  Defendant further objects to this Request on the grounds that it does not seek information relevant to the parties' claims or defenses, in particular because it references "landline telephones," "pagers" and "wireless devices" that are not discussed or at issue in the Complaint.  Defendant further objects to this Request to the extent it seeks to impose burdens on Defendant beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, Court orders, and/or applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "automatic telephone dialing system" (more commonly known as "ATDS" or "autodialer") or a "predictive dialer" within the meaning of the TCPA to make any calls and, therefore, has no documents responsive to this Request.

**REQUEST NO. 17:**

Produce any and all documents relating to or regarding, any instance wherein Plaintiff provided in writing to Defendant, or its assignors, persons or entities for whom Defendant was providing autodialer or predictive dialer services, the numbers of his/her pagers, cellular telephones, landline telephones, mobile telephones or wireless devices called by Defendant, prior to being called by Defendant, for any calls made by Defendant within four (4) years of Plaintiff

filing the Complaint.

**RESPONSE TO REQUEST NO. 17:**

**OBJECTIONS:**  Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the phrase "wireless devices" is vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "assignors," "autodialer," and "predictive dialer" have legal connotations and require a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; (vi) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it would impact the privacy interests of non-parties without notice; and (vii) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.  Defendant further objects to this Request on the grounds that it does not seek information relevant to the parties' claims or defenses, in particular because

25

it references "landline telephones," "pagers" and "wireless devices" that are not discussed or at issue in the Complaint.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "automatic telephone dialing system" (more commonly known as "ATDS" or "autodialer") or a "predictive dialer" within the meaning of the TCPA to make any calls and, therefore, has no documents responsive to this Request.

**REQUEST NO. 18:**

Produce any and all documents that describe, record, relate to or establish your methods and techniques you use to prevent making autodialer or predictive dialer calls to pagers, cellular telephones, mobile telephones or wireless devices.

**RESPONSE TO REQUEST NO. 18:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "methods," "techniques," and "wireless devices" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "autodialer" and "predictive dialer" have legal connotations and require a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common

interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.  Defendant further objects to this Request on the grounds that it does not seek information relevant to the parties' claims or defenses, in particular because it references "pagers" and "wireless devices" that are not discussed or at issue in the Complaint.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it does not use a "automatic telephone dialing system" (more commonly known as "ATDS" or "autodialer") or a "predictive dialer" within the meaning of the TCPA to make any calls and, therefore, has no documents responsive to this Request.


**REQUEST NO. 19:**

Produce any and all documents that describe procedures that Defendant used to determine whether (703) 725-9999 was assigned to a cellular telephone service.

**RESPONSE TO REQUEST NO. 19:**

**OBJECTIONS:**  Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "procedures" and "assigned" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the term "assigned" has legal connotations and requires a

legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Defendant stands on its objections.

**REQUEST NO. 20:**

Any and all documents that describe the results of the investigation that Defendant used to determine whether (703) 725-9999 was assigned to a cellular telephone service.

**RESPONSE TO REQUEST NO. 20:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "investigation" and "assigned" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as

to the intended scope or meaning; (ii) the term "assigned" has legal connotations and requires a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Defendant stands on its objections.


**REQUEST NO. 21:**

Produce any and all documents, data, and recordings including, but not limited to, logs, notes, recordings, and computer printouts that reflect all of Defendant's communications and contacts with, and attempts to communicate or contact, Plaintiff.

**RESPONSE TO REQUEST NO. 21:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this

Request on the grounds that: (i) the terms and phrases "data," "recordings," "logs," "notes," "computer printouts," and "contacts" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents applicable to Plaintiff, that are responsive to this Request, and that are in Defendant's possession, custody, or control located after a reasonably diligent search, if any, upon entry of a suitable protective order.

**REQUEST NO. 22:**

Produce any and all documents relating to, created by, or generated as a result of any

system, scheme, technique, practice, procedure or method that Defendant maintains, operates, or employs to record, memorialize, or otherwise document communications or contacts, or attempted communications or contacts, between Defendant and Plaintiff.

**RESPONSE TO REQUEST NO. 22:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "system," "scheme," "technique," "practice," "procedure," "method," "contacts," "record, memorialize, or otherwise document," and "attempted communications or contacts" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Defendant stands on its objections.

**REQUEST NO. 23:**

Produce any and all recordings, copies, transcriptions, or productions, in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and Plaintiff.

**RESPONSE TO REQUEST NO. 23:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "recordings," "transcriptions," "productions," "conversations," and "attempted communications or conversations" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states

that it will produce non-privileged documents applicable to Plaintiff, that are responsive to this Request, and that are in Defendant's possession, custody, or control located after a reasonably diligent search, if any, upon entry of a suitable protective order.


**REQUEST NO. 24:**

Produce any and all documents and manuals relating to all equipment (including telephones, PBX's, dialing systems) that Defendant used to make each call to Plaintiff's pagers, cellular telephones, mobile telephones or wireless devices.

**RESPONSE TO REQUEST NO. 24:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "manuals," "equipment," "PBX's," "dialing systems," and "wireless devices" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third

33

parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome. Defendant further objects to this Request on the grounds that it does not seek information relevant to the parties' claims or defenses, in particular because it references "pagers" and "wireless devices" that are not discussed or at issue in the Complaint.

**ANSWER:** Defendant stands on its objections.


**REQUEST NO. 25:**

Produce any and all documents and manuals relating to all software, software applications, software packages, software systems, and software programs that Defendant used to make each call to Plaintiff's pagers, cellular telephones, mobile telephones or wireless devices.

**RESPONSE TO REQUEST NO. 25:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "manuals," "software systems," "software programs," and "wireless devices" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common

interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.  Defendant further objects to this Request on the grounds that it does not seek information relevant to the parties' claims or defenses, in particular because it references "pagers" and "wireless devices" that are not discussed or at issue in the Complaint.

**ANSWER:** Defendant stands on its objections.


**REQUEST NO. 26:**

Produce any and all documents relating to all hardware, computer systems, and other electronic or non-electronic devices that Defendant used to make each call to Plaintiff's pagers, cellular telephones, mobile telephones or wireless devices.

**RESPONSE TO REQUEST NO. 26:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "hardware," "computer systems," "non-electronic devices," and "wireless devices" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at

issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (v) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome. Defendant further objects to this Request on the grounds that it does not seek information relevant to the parties' claims or defenses, in particular because it references "pagers" and "wireless devices" that are not discussed or at issue in the Complaint.

**ANSWER:** Defendant stands on its objections.


**REQUEST NO. 27:**

Produce all insurance policies, or other formal or informal agreements by which any entity may be responsible to pay any verdict, award, or settlement of any Defendant in this action. In any case where there is more than one defendant, this request would include agreements between any Defendants.

**RESPONSE TO REQUEST NO. 27:**

**OBJECTIONS:** Supplementing its General Objections, Defendant objects to this

36

Request on the grounds that: (i) the terms and phrases "formal or informal agreements," "entity," and "responsible" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "formal or informal agreements" and "responsible" have legal connotations and require a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; and (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome. Defendant further objects on the grounds that there is not "more than one defendant" in this case and, thus, the Request is vague and ambiguous and otherwise confusing.

**ANSWER:** Defendant stands on its objections.

**REQUEST NO. 28:**

Produce all agreements between Defendant and any and all third parties who placed calls to the Plaintiff.

**RESPONSE TO REQUEST NO. 28:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that: (i) the terms and phrases "agreements" and "placed calls" are vague, ambiguous, undefined, and capable of multiple interpretations and, thus, Defendant is unsure as to the intended scope or meaning; (ii) the terms and phrases "placed calls" and "agreements" have legal connotations and require a legal interpretation; (iii) it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited in scope to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (iv) as worded, it may be read as seeking documents or information protected by an applicable privilege or other immunity, including but not limited to the attorney-client, attorney work product, and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions or trial/litigation strategy, and/or seeks documents and information that is/are confidential, proprietary, and/or constitute trade secrets; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant, is in the possession of third parties, and/or seeks information that is more readily available from other sources or is available in the public domain and, thus, is overly broad and unduly burdensome; and (vi) as worded, it is duplicative of part or all of the Requests stated above and, thus, is unduly burdensome.

**ANSWER:** Defendant stands on its objections.

**REQUEST NO. 29:**

A privilege log regarding any responsive documents that Defendant claims are privileged.

**RESPONSE TO REQUEST NO. 29:**

**OBJECTIONS:**   Supplementing its General Objections, Defendant objects to this Request on the grounds that, as worded, it purports to place obligations on Defendant beyond those under the Federal Rules of Civil Procedure, the Local Rules of this Court, applicable Court orders, and applicable law.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it will produce its privilege log, if any, as required by the Federal Rules, the Local Rules, applicable Court orders, and applicable law in due course.

Respectfully submitted,

By: ___/s/ Kyle R. Elliott_____
    Kyle R. Elliott (VSB No. 82077)
    OGLETREE, DEAKINS, NASH,
    SMOAK AND STEWART, P.C.
    901 East Byrd Street, Suite 1300
    Richmond, VA 23219
    Telephone: 804-663-2333
    Facsimile: 804-225-8641
    kyle.elliott@ogletree.com
    Attorney for Defendant

By: ___/s/ A. Paul Heeringa_____
    A. Paul Heeringa
    MANATT, PHELPS & PHILLIPS, LLP
    151 North Franklin Street, Suite 2600
    Chicago, IL 60606
    Telephone: 312-529-6308
    Facsimile: 312-529 6315
    pheeringa@manatt.com
    Attorney for Defendant
    *Admitted Pro Hac Vice*

**Objections Dated and Previously Served:**     **March 12, 2019**
**Substantive Responses Dated and Served:**     **March 27, 2019**

## CERTIFICATE OF SERVICE

I certify that on this 27th day of March, 2019, a true and correct copy of the foregoing document was served on Plaintiff and Plaintiff's counsel, via electronic mail per the agreement of counsel for the parties, sent to the individuals at the addresses identified below:

**Richard W. Ferris (rwferris@ferriswinder.com)**

**Michael S. Agruss (michael@agrusslawfirm.com)**

**James J. Parr (james@agrusslawfirm.com)**

/s/ A. Paul Heeringa

40

## CERTIFICATE OF SERVICE

I certify that on April 29, 2019, a true and correct copy of the foregoing document

(Plaintiff's First Amended Complaint) was electronically filed with the Court's CM/ECF system

to be sent via the electronic notification system to all counsel of record.

/s/  Richard W. Ferris
Richard W. Ferris
VA Bar No: 31812
FERRIS WINDER, PLLC
9327 Midlothian TPKE
Suite 1B
Richmond, VA 23235
Tel: 804-767-6848
Fax: 888-251-6228
rwferris@ferriswinder.com
Attorney for Plaintiff