**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ADAM AARONSON, | ) |
| Plaintiff, | ) **Case No.:** 1:18-cv-1533 |
| v. | ) |
| CHW GROUP, INC., D/B/A CHOICE HOME WARRANTY, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE**

NOW COMES Plaintiff, ADAM AARONSON ("Plaintiff"), by and through his attorneys, and in response to the Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, to Strike ("Motion to Dismiss") filed by Defendant, CHW Group, Inc. d/b/a Choice Home Warranty ("Defendant") states the following.

**ARGUMENT**

**I.   LEGAL STANDARD FOR RULE 12(b)(6) MOTION**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Indeed, resolving "disputed questions of fact are anathema to Rule 12(b)(6) jurisprudence." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). Despite this, Defendant repeatedly entices the Court to do so in its Motion to Dismiss.

Defendant cites *Twombly* in its brief at least twice yet fails to acknowledge that *Twombly* requires only "enough fact to raise a reasonable expectation that discovery will reveal evidence"

1

needed to prove the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). And "[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hile the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015) (internal quotation and citation omitted). The Court must "bear in mind that a complaint is to be construed liberally so as to do substantial justice." *Id.* Instead, Defendant repeatedly suggests here that Plaintiff must prove his case in his First Amended Complaint.

When Ruling on a 12(b)(6) Motion the Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *E.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Here, the innuendo in Defendant's Motion to Dismiss attempts to turn Rule 12(b)(6) on its head by suggesting that reasonable inferences be drawn in *its* favor.

Although Plaintiff highlights specific facts below, the Court must consider "the complaint as a whole" when ruling on a Rule 12(b)(6) motion. *Beazer Homes Corp. v. VMIF/Anden Southbridge Venture*, 235 F. Supp. 2d 485, 489 (E.D. Va. 2002).

Defendant simply cannot meet its high burden to have Plaintiff's First Amended Complaint dismissed.

II. **PLAINTIFF'S FIRST AMENDED COMPLAINT SATISFIES THE DEFICIENCIES OF HIS ORIGINAL COMPLAINT AS THE COURT PRESENTED THEM IN ITS ORDER OF APRIL 15, 2019**

On April 15, 2018, the Court entered its Order granting Defendant's Motion for Judgment on the Pleadings. (Doc. No. 21).

### a. *Facts Concerning the Substance or Details of the Calls at Issue That Defendant Made the Calls*

The Court noted that the Plaintiff's Original Complaint alleged "almost no facts concerning the substance or details of the calls at issue . . . that defendant made the calls." (Doc. No. 21, p.1).

In his First Amended Complaint, Plaintiff provides more than adequate substance and details of the calls at issue that Defendant made the calls, including: "When Plaintiff first contacted Plaintiff's counsel in October 2018, Plaintiff's counsel conducted an investigation and confirmed that 732-339-3215 is one of Defendant's telephone numbers." (Doc. No. 37, ¶ 17). "During the first call Plaintiff answered from Defendant, Defendant's representative claimed that Plaintiff had submitted a request for a quote online from Defendant. Plaintiff responded that he did not." (Doc. No. 37, ¶ 21a). "During the second call Plaintiff answered from Defendant, Defendant's representative claimed that Plaintiff had submitted a request for a quote online from Defendant. Plaintiff again told Defendant that he did not request a quote from Defendant and told Defendant's representative to remove Plaintiff from Defendant's call list." (Doc. No. 37, ¶ 21b). "During the third call from Defendant, Plaintiff answered and then hung up once he realized it was the Defendant calling him." (Doc. No. 37, ¶ 21c). "Thereafter, Plaintiff received at least a fourth and fifth call from Defendant—which Plaintiff did not answer because he recognized from the phone number calling him that it was the Defendant—before the calls from Defendant ceased." (Doc. No. 37, ¶ 22). "When Plaintiff first contacted Plaintiff's counsel in October 2018, Plaintiff's counsel conducted an investigation and confirmed that 732-339-3215 is one of Defendant's telephone numbers." (Doc. No. 37, ¶ 17). In addition to Plaintiff's counsel confirming that 732-339-3215 is one of Defendant's telephone numbers, others have confirmed this fact as well. (Doc.

3

No. 37, ¶ 18). "The following are just a sampling of comments posted on 800notes.com with regard to the phone number 732-339-3215: 'They keep calling me six and seven times almost every day and when they answer the phone all they say is Choice Home warranty.' 'Choice Home Warranty.' 'This number is not a church or religious group, it is Choice Home Warranty trying to spam you into buying a home warranty from them.' 'This number calls 6-10 times per day, will not leave a voicemail and there is no human on the line. It is Choice Home Warranty trying to sell me a home warranty. I have told them via email and on over the phone that I am not interested and to please leave me alone but they will not stop calling. Every time I block their number I just get more calls from a slightly different extension that isn't blocked. If this calls you please report them to the FCC and make sure action is taken to stop this type of phone harassment.' 'I keep receiving calls from this number (from New Jersey). I have told them several times to REMOVE my number from their call list but they keep calling. When I block the number, I get calls from other similar numbers (like 732-339-3488), but still the same thing, Choice Home Warranty.' 'This number called me several times a day as well as emails. It is Choice Warranty. AVOID these idiots. I called them back and told them to never call me again..EVER!' 'Home Choice warranty. Called, I answered, all o got was silence. Called and asked to be taken off call list. Once they get your number, they don't stop.'" (Doc. No. 37, ¶¶ 20a–g).

    The comments from 800notes.com should not even be necessary to include in the First Amended Complaint, but they do support Plaintiff's allegations. The Defendant has clamored for additional details, now that Plaintiff has given Defendant additional details, it wants to cry hearsay. However, without conceding that the comments are hearsay, "[w]hen examining Rule 12(b) motions, the court has discretion to consider many types of evidence, even hearsay, if it feels that it is substantive and comprehensive enough to facilitate disposition of the action." *Holmes v. TV-*

4

*3, Inc.*, 141 F.R.D. 692, 694 (W.D. La. 1991) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985); 5A Wright & Miller *Federal Practice and Procedure: Civil 2d* § 1364, pp. 475–481).

The foregoing is undoubtedly more than sufficient pursuant to federal notice pleading. A TCPA "[c]omplaint need not allege the exact dates and times of the calls in order to notify [defendant] of its purported violations of the TCPA." *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 733 (D.S.C. 2015). "[N]otice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every [call]." *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010).

**b.** *Defendant's Convoluted Direct Liability Argument Falls Flat*

The foregoing also disposes of Defendant's absurd interpretation of the theory of direct liability. Defendant would have the Court believe that it cannot be directly liable under the TCPA unless the incorporating documents for CHW Group, Inc. somehow spontaneously became sentient beings that could place harassing robocalls to peddle the sale of home warranties. The Defendant repeatedly entices the Court to adopt an interpretation of the word "physically" that defies the legal maxim that "[a]ll laws are to be given a sensible construction; and a literal application of a statute, which would lead to absurd consequences, should be avoided whenever a reasonable application can be given to it, consistent with the legislative purpose." *E.g., Delany v. Moraitis*, 136 F.2d 129, 132 (4th Cir. 1943). First of all, as Plaintiff alleged, "Defendant is, and at all times mentioned herein, a 'person' as defined by 47 U.S.C. § 153(39)." (Doc. No. 37, ¶ 10). And the TCPA states that "[t]he term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation." 47 U.S.C. § 153(39). Defendant has admitted that it is a corporation. (Doc. No. 13, ¶ 8).

5

Moreover, Defendant continues to feign misunderstanding of the allegation that "Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers." (Doc. No. 37, ¶ 14). The Defendant acts through human beings and these are examples of human beings that a corporation acts through. "As a business corporation, Defendant is a legal/juristic person—that is to say, it has not a physical body to take physical actions." (Doc. No. 37, ¶ 12). "A corporation can act only through its agents and employees." (Doc. No. 37, ¶ 13) (citing *Protectus Alpha Nav. Co., Ltd. v. North Pacific Grain Growers, Inc.*, 767 F.2d 1379, 1386 (9th Cir. 1985)). As detailed above, Plaintiff adequately alleged that Defendant's representatives physically made calls to Plaintiff.

The foregoing is undoubtedly more than sufficient pursuant to federal notice pleading.

### c. *Defendant's Convoluted Vicarious Liability Argument is a Hodgepodge of Affirmative Defenses that Plaintiff is Not Required to Address in His First Amended Complaint*

Defendant's vicarious liability argument is nothing but a hodgepodge of affirmative defenses that have no place in a Motion to Dismiss and should be disregarded and denied for that reason alone. Defendant's vicarious liability argument appears to be a blend of, at least, the affirmative defenses of intervening/superseding cause of third-parties and whether liability flows from a principal-agent relationship. Indeed, Defendant asserted these and other related affirmative defenses in its answer to Plaintiff's Original Complaint:

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts of Plaintiff or third parties other than Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

6

Plaintiff's claim fails for failure to join necessary or indispensable parties and/or joins improper parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control. The acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant.

(Doc No. 13 at 7, 9–10).

"Plaintiff is not required to plead in a complaint facts that avoid or rebut an affirmative defense." *Theune v. U.S. Bank, N.A.*, No. CIV.A. MJG-13-1015, 2013 WL 5934114, at *4 (D. Md. Nov. 1, 2013) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 465–66 (4th Cir. 2007)). "The Fourth Circuit has defined an affirmative defense as "the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." *Emergency One, Malibu Media, LLC v. Guastaferro*, No. 1:14-CV-1544, 2015 WL 4603065, at *2 (E.D. Va. July 28, 2015)) ((quoting *Emergency One Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003)).

### d. *Defendant's Convoluted Vicarious Liability Argument Also Falls Flat as a Supposed Pleading Requirement*

Defendant continues with its feigned disbelief when it comes to vicarious liability as well. Plaintiff has not alleged vicarious liability and is not required to because they are separate theories of liability. *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018). But Plaintiff could have alleged both if he chose to. It is well-settled law that "plaintiffs are

7

allowed to plead alternative theories of liability." *E.g., Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 295 (4th Cir. 2010). Plaintiff plainly alleged that Defendant placed the calls at issue. However, should it be shown in discovery, as *Twombly* permits, that a third-party placed and or all of the calls at issue, only then do Defendant's vicarious-liability based affirmative defenses arguably become relevant. 550 U.S. 544, 556 (2007). Again, there is no requirement that a consumer must provide proof of vicarious liability at the time he files his complaint. *See In re Dish Network*, 28 FCC Rcd. at 6584 ¶ 28.

    **e.**    *Facts Concerning Defendant Calling Plaintiff with an Automated Telephone Dialing System*

The Court noted that the Plaintiff's Original Complaint alleged "almost no facts concerning the substance or details of the calls at issue . . . that defendant [called Plaintiff] using automated telephone equipment." (Doc. No. 21, p.1). In his First Amended Complaint, Plaintiff provides more than adequate substance and details regarding whether Defendant used an automated telephone dialing system. "When Plaintiff did answer the 3 calls from Defendant, he was greeted with 'dead air' whereby no person was on the other end of the line and/or a pre-recorded or artificial voice before a live person took over the call and began to speak to Plaintiff attempting to solicit the sale of a home warranty from Defendant." (Doc. No. 37, ¶ 23). "Defendant placed the calls to Plaintiff alleged herein using a telephone dialing system manufactured by Avaya, Inc." (Doc. No. 37, ¶ 46). "Telephone dialing systems manufactured by Avaya, Inc. have the capacity to make predictive calls." (Doc. No. 37, ¶ 47). Defendant's telephone dialer system has the capacity to make predictive calls." (Doc. No. 37, ¶ 48). "Even if Defendant's telephone dialer system does not use a random or sequential number generator, its telephone dialer system is still an ATDS as defined by the TCPA. (Doc. No. 37, ¶ 49) (citing *Heard v. Nationstar Mortg. LLC*,

No. 2:16-CV-00694-MHH, 2018 WL 4028116, at *6 (N.D. Ala. Aug. 23, 2018) (TCPA case involving phone system manufactured by Avaya, Inc.)). Plaintiff also alleges that:

> It is incontrovertible that Defendant uses an ATDS as it includes a TCPA disclaimer right on its website. https://www.choicehomewarranty.com/get-a-quote/start.php ("By entering my information and submitting for a free quote, I am providing express consent to be contacted via email, phone and text, including my wireless phone number, regarding product and servicing information using automated technology, even if it is registered on a federal, state, or corporate do not call list. I am not required to provide this consent in order to obtain goods or services from Choice Home Warranty. If my area is not covered, I may be referred to alternate trusted provider").

(Doc. No. 37, ¶ 51, n.2).

Defendant's desperation is further revealed by it now attempting to inject the word "possibly" into the disclaimer in it Motion to Dismiss. (Doc. No. 41, p.14). The disclaimer does not contain the qualifier "possibly." (Doc. No. 37, ¶ 51, n.2). It is likewise shocking that Defendant showcases for the Court its obstructionist tactics during the discovery phase of this case as if that is to be commended. The discovery issues are properly before the Court elsewhere. Plaintiff filed his Motion to Compel on May 20, 2019. (Doc. No. 44).

Moreover, the case law supports Plaintiff's allegations as to an ATDS being sufficient. Several courts have recognized that a plaintiff plausibly alleges a call originated from an ATDS when it has characteristics of an automated call. *See e.g., Asher v. Quicken Loans, Inc.*, No. 2:17-cv-1203, 2019 WL 131854, at *3 (D. Utah Jan. 8, 2019) (finding calls "bore indicia of an automated dialer" when the plaintiff alleged that he experienced "a delay before [he] is able to speak to anyone"); *Sessions v. Barclays Bank Del.*, 317 F. Supp. 3d 1208, 1213 (N.D. Ga. 2018) (finding a plaintiff plausibly alleged a call originated from an ATDS when she stated she experienced five or more seconds of "dead air" before a person would respond on the phone); *Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06324, 2011 WL 881550, at *3 (N.D. Ill

Mar. 11, 2011) (denying a motion to dismiss when the plaintiff alleged "there was a prerecorded voice that answered and told her to hold for assistance" after she answered the phone).[1] "[C]ourts have noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery and found that courts can rely on details about the call to infer the use of an ATDS." *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 734 (D.S.C. 2015) (internal quotations and citations omitted). "[A] TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was prerecorded or delivered via an ATDS. *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1002 (N.D. Ill. 2014) (quoting *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012). "The issue is whether the allegations of the complaint, taken as a whole and including the nature of the communication, give rise to a plausible belief that the [call] was [made] using an ATDS." *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG NLS, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (internal citation omitted). "While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage. It is possible that further litigation will determine that no ATDS was used, but the complaint has pleaded enough facts "to raise a right to relief above the speculative level." *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The foregoing is undoubtedly more than sufficient pursuant to federal notice pleading.

    **f.**    *Use of an ATDS and/or Prerecorded or Artificial Voice is NOT Mutually*

---

[1] Cases collected in *Rallo v. Palmer Admin. Servs., Inc.*, No. 18-CV-01510-RM-MEH, 2019 WL 1468411, at *3 (D. Colo. Apr. 3, 2019).

### *Exclusive with Speaking to a Live Person*

In its Motion to Dismiss, Defendant again disingenuously claims that Plaintiff's acknowledgement of speaking to a live agent somehow negates that the calls were made using an ATDS or artificial voice or prerecorded voice. (Doc. No. 41 at 18). Plaintiff plainly alleges that he was greeted with 'dead air' whereby no person was on the other end of the line and/or a pre-recorded or artificial voice **before** a live person took over the call and began to speak to Plaintiff attempting to solicit the sale of a home warranty from Defendant." (Doc. No. 37, ¶ 23) (emphasis added).

### g.     *Capacity to Call Stored Numbers Without Human Intervention is NOT Mutually Exclusive with A Protocol or Strategy Entered by Defendant*

A familiar tactic Defendant has engaged in throughout its Motion to Dismiss is playing semantic games. This time with Defendant coyly makes a disingenuous argument regarding "human intervention." (Doc. No. 41, p.30). Plaintiff plainly alleges that the "telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to **call** stored telephone numbers without human intervention." (Doc. No. 37, ¶ 41) (emphasis added). Human intervention when setting up the predictive dialer is irrelevant. *Reyes v. BCA Fin. Servs., Inc.*, 312 F. Supp. 3d 1308, 1309 (S.D. Fla. 2018). What matters is whether there is human intervention at the time calls are placed. *Id.*; *Swaney v. Regions Bank*, No. 2:13-CV-00544-JHE, 2018 WL 2316452, at *1 (N.D. Ala. May 22, 2018); *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2018 WL 692105, at *4 (N.D. Cal. Feb. 2, 2018); *Ammons v. Ally Fin., Inc.*, 326 F. Supp. 3d 578, 588 (M.D. Tenn. 2018).

Plaintiff's allegations are plainly not contradictory.

### III.    THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE INSTANT MATTER

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

### a.     *Plaintiff has Article III Standing*

First off, Defendant again tries to shoehorn its strawman vicarious-liability argument into its lack of standing/subject matter jurisdiction analysis.  As discussed above, Defendant's arguments with regard to third-parties is a conflation of affirmative defenses disguised as somehow representing a pleading requirement for Plaintiff to satisfy.  The Court should disregard Defendant's improper argument and deny Defendant's 12(b)(1) Motion because it lacks any other support.

Even if the Court further considers Defendant's 12(b)(1) Motion, it should still be denied. Defendant contends that Plaintiff lacks standing, and the Court therefore lacks subject matter jurisdiction, because Plaintiff has allegedly failed to allege facts with regard to causation or redressability arguments of Article III standing.  (Doc. No. 41 at 1, 3, 8 22–23).  Notably, Defendant does not argue that Plaintiff has not adequately pleaded that he suffered an injury in fact. The inquiry should therefore end right here and Defendant's Motion as to 12(b)(1) be denied. If Plaintiff alleged that he suffered an injury in fact, which he did, then he automatically has demonstrated that the in injury is traceable to the Defendant and may be redressed.  *LaVigne v. First Cmty. Bancshares, Inc.*, 215 F. Supp. 3d 1138, 1145 (D.N.M. 2016).

Even if the Court continues to consider Defendant's 12(b)(1) Motion, it should still be denied.  The basic requirements of standing are "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May

24, 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). For the reasons detailed below, it is clear that Defendant's violations of the TCPA are traceable to its conduct, and that the violations are redressable by statutory damages.

In *Ung v. Universal Acceptance Corp.*, the court was faced with a case similar to the instant matter where a consumer brought a case under the TCPA for receipt of automated telephone calls without prior consent <u>and</u> after the consumer requested for the calls to stop. *Ung v. Universal Acceptance Corp.*, 198 F. Supp. 3d 1036, 1037 (D. Minn. 2016). The court there held that: (1) alleged unauthorized calls were a concrete injury-in-fact sufficient to confer Article III standing; consumer's alleged injuries of receiving unauthorized cell phone calls resulted from company's conduct; and consumer's alleged injuries of receiving unauthorized cell phone calls were redressable by a favorable decision. *Id*. at 1041.

As detailed above, Plaintiff alleges numerous facts regarding Defendant calling him. Plaintiff further sets forth detailed allegations about his communications with Defendant and his efforts to have the calls stop. Thus, Plaintiff easily satisfies the Article III requirement that the alleged injury be traceable to Defendant's conduct.

Further, Plaintiff's alleged injuries are easily redressable. In *Ung*, the court noted "the fact the TCPA provides for statutory damages belies [Defendant's] argument that [Plaintiff's] injuries are not redressable here." 198 F. Supp. 3d at 1040. Plaintiff seeks statutory damages under the TCPA. Thus, his alleged injuries are redressable.

For all of the foregoing reasons, Defendant's Motion as brought pursuant to Rule 12(b)(1) should clearly be denied as well.

### IV. DEFENDANT'S NEARLY IDENTICAL MOTION TO DISMISS WAS DENIED IN ITS CHALLENGE TO A NEARLY IDENTICAL FIRST AMENDED COMPLAINT

As has been a running theme with Defendant, it continues to go out of its way to cite and

13

refer to similar, but unrelated, cases against it, although the one common thread is that the plaintiffs in those cases are represented by the same *pro hac vice* counsel as in the instant case. (Doc. No. 41, p. 5, n.3, p.20; *see also* Doc. No. 27 at 2–3, 11). Defendant's main gripe is that the complaints in the cases look similar. Of course they are similar. They are TCPA cases. TCPA cases only consists of three elements. TCPA cases involve robocalls, naturally the factual material is going to be similar.

That being said, Plaintiff refers the Court to a recent development on May 20, 2019 in one of those other cases, *Jeffrey Spiess v. CHW Group, Inc.*, Case 8:19-cv-00153-JSM-CPT (M.D. Fla. Jan. 21, 2019). See the First Amended Complaint (Doc. No. 13) and the Order (Doc. No. 34) denying Defendant's Motion to Dismiss it. Following Defendant's logic, the court's ruling in *Spiess* should be dispositive and the Court should deny Defendant's Motion to Dismiss here as well.

## V. MATERIAL FROM PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD NOT BE STRICKEN

Finally, Defendant argues that the Court should strike certain allegations from the Complaint – specifically, the 800notes.com comments adding further confirmation that the telephone number, 732-339-3215, belongs to Defendant. (Doc No. 41 at 24). First, as introduced above, without conceding that the comments are hearsay, "[w]hen examining Rule 12(b) motions, the court has discretion to consider many types of evidence, even hearsay, if it feels that it is substantive and comprehensive enough to facilitate disposition of the action." *Holmes v. TV-3, Inc.*, 141 F.R.D. 692, 694 (W.D. La. 1991) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985); 5A Wright & Miller *Federal Practice and Procedure: Civil 2d* § 1364, pp. 475–481).

Moreover, each and every of the cases Defendant cited is distinguishable. Defendant focuses on the complaints on such websites. The thrust of Plaintiff's allegations is in connection with confirming that a telephone number belongs to Defendant. This is far more objective than the subjective complaints that the cases Defendant cites focus on.

## VI. CONCLUSION

"[W]hile the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015) (internal quotation and citation omitted). Plaintiff has clearly satisfied federal notice pleading requirements with his First Amended Complaint. Plaintiff's First Amended Complaint should not be dismissed with or without prejudice. Thus, Defendant's Motion to Dismiss should be denied.

WHEREFORE, in light of all of the foregoing, Plaintiff respectfully requests that this Honorable Court deny Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, to Strike and for any further and additional relief the Court deems appropriate.

Respectfully submitted this 28th day of May 2019.

| /s/ Richard W. Ferris | /s/ Michael S. Agruss | /s/ James J. Parr |
|---|---|---|
| Richard W. Ferris | Michael S. Agruss | James J. Parr |
| VA Bar No: 31812 | IL Bar No: 6281600 | IL Bar No: 6317921 |
| FERRIS WINDER, PLLC | AGRUSS LAW FIRM, LLC | AGRUSS LAW FIRM, LLC |
| 9327 Midlothian TPKE | 4809 N. Ravenswood Ave. | 4809 N. Ravenswood Ave. |
| Suite 1B | Suite 419 | Suite 419 |
| Richmond, VA 23235 | Chicago, IL 60640 | Chicago, IL 60640 |
| Tel: 804-767-6848 | Tel: 312-224-4695 | Tel: 312-224-4695 |
| Fax: 888-251-6228 | Fax: 312-253-4451 | Fax: 312-253-4451 |
| rwferris@ferriswinder.com | michael@agrusslawfirm.com | james@agrusslawfirm.com |
| Attorney for Plaintiff | Attorney for Plaintiff, *Admitted Pro Hac Vice* | Attorney for Plaintiff, *Admitted Pro Hac Vice* |

## CERTIFICATE OF SERVICE

I, Richard W. Ferris, state the following:

I am employed in Richmond Virginia. I am over the age of 18, and am not a party to this action. My business address is 9327 Midlothian Turnpike, Suite 1B, Richmond, Virginia 23235. On May 28, 2019, I served the following documents:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE**

On the parties listed below:

| | |
|---|---|
| Kyle R. Elliott, Esq.<br>OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.<br>901 East Byrd Street, Suite 1300<br>Richmond, VA 23219<br>kyle.elliott@ogletree.com | A. Paul Heeringa, Esq.<br>MANATT, PHELPS & PHILLIPS LLP<br>151 N. Franklin, Suite 2600<br>Chicago, IL 60606<br>pheeringa@manatt.com |

By the following means of service:

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail address(es) listed above, which are the e-mail address(es) on file with the court's CM/ECF system. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X] **FEDERAL:** I declare under penalty of perjury under the laws of Virginia and the United States of America that the above is true and correct.

Executed on May 28, 2019.

By: /s/ Richard W. Ferris
Richard W. Ferris